ANDRÉ BIROTTE JR.
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
THOMAS D. STOUT (Cal. Bar No. 241348)
Assistant United States Attorney
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone:  (951) 276-6938
     Facsimile:  (951) 276-6202
     Email:      thomas.stout@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 13-116-VAP |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 2: TO ADMIT DEFENDANT SCOTT'S CRIMINAL CONVICTION FOR IMPEACHMENT PURPOSES UNDER RULE 609 |
| v. | |
| KAWAUM MARQUEZ SCOTT, NEKEYIA NECOLE WEATHERSPOON, aka "Keey Bee," | Trial Date:    April 29, 2014<br>Pretrial Conference:   April 21, 2014<br>                9:00 a.m.<br>Location:      Courtroom 2 |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Thomas D. Stout, hereby moves in limine to admit at trial evidence of a prior conviction of defendant Kawaum Marquez Scott ("defendant Scott") for impeachment purposes.

//

//

//

This motion is based on the attached memorandum of points and authorities, all the files and records of this case, and such other oral and written argument that is permitted by the Court.

Dated: March 31, 2014                     Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
THOMAS D. STOUT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

Between October 2012, and December 2012, defendants Kawaum Marquez Scott ("defendant Scott") and Nekeyia Necole Weatherspoon ("defendant Weatherspoon") recruited the then-14-year-old[1] child victim in this case to work for them as a prostitute.  They advertised her services through the internet, instructed her to perform numerous sexual acts with customers, and collected from the money customers paid her.

At trial, should defendant Scott testify, the government intends to impeach him with his prior 2010 conviction for second degree robbery, and through this motion seeks permission of the Court to do so.

### II.   SUMMARY OF RELEVANT FACTS

A summary of defendants' alleged conduct is set forth in the government's motion in limine No. 1, and is hereby incorporated by reference.  The government will only discuss additional facts specifically pertaining to this motion.

In 2010, defendant Scott was convicted of second degree robbery in violation of California Penal Code Section 211 in the Superior Court of California for the County of Riverside.  Defendant Scott was sentenced to 365 days' imprisonment and three years' probation.[2]

---

[1]   The child victim turned fifteen during the course of defendants' conduct.

[2]   Defendant Scott has sustained other convictions for possession of a controlled substance, taking a vehicle without owner's consent, misdemeanor battery, and shoplifting.  The government does not intend to use any of these convictions to impeach defendant Scott should he testify at trial.

**III. ARGUMENT**

Should defendant Scott testify at trial, the Court should permit the government to use his prior robbery conviction to impeach him.

Federal Rule of Evidence 609(a)(1) allows a defendant to be impeached by evidence of a prior conviction if (1) the crime was punishable by death or imprisonment in excess of one year, and (2) the probative value of the evidence outweighs its prejudicial effect to the defendant.

Second degree robbery is punishable by punishable by imprisonment in state prison for two, three, or five years. See Cal. Penal Code § 213(a)(2). Accordingly, this conviction is admissible so long as the probative value outweighs the prejudicial effect.

The Ninth Circuit has held that trial courts should employ the following five-factor test in performing the balancing test between the probative value of a prior conviction and its prejudicial effect: "(1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue." United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004). The Ninth Circuit further held that although "a trial court need not analyze each of the five factors explicitly, the record should reveal . . . that the trial judge was aware of the requirements of Rule 609(a)(1)." Id. (internal quotation omitted). Here, all five factors weigh in favor of admitting defendant Scott's robbery conviction for impeachment.

First, a conviction for robbery has substantial impeachment value. As the Ninth Circuit has held, "prior convictions for robbery

2

are probative of veracity." United States v. Givens, 767 F.2d 574, 580 (9th Cir. 1985); see also, United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995); United States v. Oaxaca, 569 F.2d 518, 527 (9th Cir. 1978).

//

//

Second, there was a close temporal relationship between defendant Scott's robbery conviction and the charged conduct. Defendant Scott was convicted of robbery in 2010, and the current conduct occurred two years later, in 2012.  The temporal proximity of the events means that the probative value of defendant Scott's criminal history was not diminished by staleness.

Third, there is little risk of prejudice to defendant Scott through admission of this prior conviction, as it bears little similarity to the charged conduct: sex trafficking of a child.

Finally, the importance of defendant's testimony and centrality of the credibility issue both favor admission.  "When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue." Alexander, 48 F.3d at 1489.  Should defendant take the stand and deny having committed the charged offenses, the government will have the burden of refuting that testimony.  Such testimony would be of primary importance, and defendant's credibility would be directly at issue.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court permit the government to impeach defendant using his 2010 conviction for second degree robbery should he testify at trial.