ANDRÉ BIROTTE JR.
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
THOMAS D. STOUT (Cal. Bar No. 241348)
Assistant United States Attorney
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone:  (951) 276-6938
     Facsimile:  (951) 276-6202
     Email:      thomas.stout@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>KAWAUM MARQUEZ SCOTT,<br>NEKEYIA NECOLE WEATHERSPOON,<br>    aka "Keey Bee,"<br><br>            Defendants. | No. ED CR 13-116-VAP<br><br>GOVERNMENT'S MOTION IN LIMINE<br>NO. 3: TO PRECLUDE INTRODUCTION<br>OF DEFENDANTS' HEARSAY BY<br>DEFENDANTS<br><br>Trial Date:   April 29, 2014<br>Pretrial<br>Conference:   April 21, 2014<br>              9:00 a.m.<br>Location:     Courtroom 2 |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Thomas D. Stout, hereby moves in limine to preclude defendants Kawaum Marquez Scott ("defendant Scott") and Nekeyia Necole Weatherspoon ("defendant Weatherspoon") from offering evidence, argument, or cross-examination regarding any hearsay statements made by defendants.

//

//

This motion is based on the attached memorandum of points and authorities, all the files and records of this case, and such other oral and written argument that is permitted by the Court.

Dated: March 31, 2014          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

              /s/
THOMAS D. STOUT
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Between October 2012, and December 2012, defendants Kawaum Marquez Scott ("defendant Scott") and Nekeyia Necole Weatherspoon ("defendant Weatherspoon") recruited the then-14-year-old[1] child victim in this case to work for them as a prostitute.  They advertised her services through the internet, instructed her to perform numerous sexual acts with customers, and collected from the money customers paid her.

At trial, the government intends to introduce inculpatory statements made by defendants during video-recorded interviews with investigating agents.  In addition to the inculpatory statements the government intends to introduce, defendants made various exculpatory statements during the interview that the government does not intend to introduce at trial.  As set forth below, such exculpatory statements are inadmissible hearsay which the Court should exclude if defendants seek to introduce them.

**II.   SUMMARY OF RELEVANT FACTS**

A summary of defendants' alleged conduct is set forth in the government's motion in limine No. 1, and is hereby incorporated by reference.  The government will only discuss additional facts specifically pertaining to this motion.

After their arrest on November 14, 2013, defendants both consented to be interviewed by investigating agents.  Both made a variety of inculpatory admissions and exculpatory claims during those interviews.

---

[1] The child victim turned fifteen during the course of defendants' conduct.

1

On March 30, 2014, the government disclosed to defense counsel the portions of those interviews it currently intends to introduce at trial.[2]

**III. ARGUMENT**

As the government only seeks to introduce portions of the video recorded interviews, defendants may seek to introduce their own exculpatory claims made during those interviews in lieu of testifying at trial.  Because such evidence is hearsay when offered by the party making the statements, the Court should exclude such evidence and order defendants to refrain from referring to such evidence either in cross-examination or argument.

    **A.   DEFENDANTS MAY NOT AVOID TESTIFYING BY RELYING ON THEIR OWN SELF-SERVING HEARSAY STATEMENTS ELICITED FROM OTHER WITNESSES.**

A defendant's prior, out-of-court statements are admissible only if offered against him or her.  Fed. R. Evid. 801(d)(2).  If elicited by the defendant, such statements are inadmissible hearsay. Fed. R. Evid. 801(c); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (district court properly sustained government's hearsay objection to defendant's attempt to solicit defendant's post-arrest statement during cross-examination of government witness).

A defendant does not have the right to present self-serving hearsay statements.  See Fed. R. Evid. 801(d)(1); see also United States v. Orteaga, 203 F.3d 675, 682 (9th Cir. 2000) (affirming order limiting defendant's ability to elicit his exculpatory hearsay

---

[2] The government reserves the right to amend its intended exhibit list, including the excerpts of these videos it intends to introduce, prior to trial.

2

statements on cross-examination); Fernandez, 839 F.2d at 640; United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's attempt to elicit exculpatory statements made at the time of arrest to prove he lacked requisite knowledge was inadmissible hearsay). To permit a defendant to place his statements before the jury without subjecting him to cross-examination would be to allow "precisely what the hearsay rule forbids." Fernandez, 839 F.2d at 640.

### B. THE RULE OF COMPLETENESS DOES NOT TRUMP THE RULE AGAINST HEARSAY.

A defendant may not invoke Federal Rule of Evidence 106, also known as the "rule of completeness," to circumvent the rules barring hearsay evidence. "[R]ule 106 does not compel admission of otherwise inadmissible hearsay evidence." United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 2006). Thus, the rule of completeness does not require the government to enter all of defendants' statements made during an interview or permit the defendants to circumvent the rules against hearsay by seeking to elicit other, non-incriminating statements from government witnesses, or defense witnesses other than defendant. See, e.g., Orteaga, 203 F.3d at 682; Collicott, 92 F.3d at 983.

## IV. CONCLUSION

Defendants may not place their own hearsay statements into evidence. This includes eliciting their own statements through defense witnesses or through government witnesses on cross-examination. Accordingly, the government respectfully requests that the Court issue an order precluding defendants from eliciting their own self-serving out of court statements from witnesses at trial and

3

from referring to such statements, unless separately admitted by the government, in argument or cross examination.