ANDRÉ BIROTTE JR.
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
THOMAS D. STOUT (Cal. Bar No. 241348)
Assistant United States Attorney
Riverside Branch Office
COREY G. LEE (Cal. Bar No. 227602)
Assistant United States Attorney
Riverside Branch Office
   3403 Tenth Street, Suite 200
   Riverside, California 92501
   Telephone: (951) 276-6938/6098
   Facsimile: (951) 276-6202
   E-mail:    thomas.stout@usdoj.gov
              corey.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>KAWAUM MARQUEZ SCOTT,<br>NEKEYIA NECOLE WEATHERSPOON,<br>    aka "Keey Bee,"<br><br>            Defendants. | No. ED CR 13-116-VAP<br><br><u>GOVERNMENT'S MOTION IN LIMINE NO. 6: TO PRECLUDE DEFENDANT WEATHERSPOON'S EXPERT TESTIMONY OF NANCY KASER-BOYD, PHD</u><br><br>Hearing Date: May 19, 2014<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. VIRGINIA A.<br>             PHILLIPS |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Thomas D. Stout and Corey G. Lee, hereby moves <u>in limine</u> for an order precluding the testimony of Nancy Kaser-Boyd, Ph.D.

This motion is based on the attached memorandum of points and authorities, all the files and records of this case, and such other oral and written argument that is permitted by the Court.

Dated: April 28, 2014                   Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
COREY G. LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Between October 2012, and December 2012, defendants Kawaum Marquez Scott and Nekeyia Necole Weatherspoon ("defendant") recruited the then-14-year-old child victim in this case to work for them as a prostitute. They advertised her services through the internet, instructed her to perform numerous sexual acts with customers, and collected from the money customers paid her.

On April 24, 2014, defendant filed a notice of intent to call Nancy Kaser-Boyd, Ph.D. as an expert witness at trial to testify about Battered Woman Syndrome ("BWS") and its effect on defendant. (CR 58.)[1] The government seeks to exclude Dr. Kaser-Boyd's testimony as irrelevant and improper under the Federal Rules of Evidence.

**II.   STATEMENT OF FACTS**

A summary of defendants' alleged conduct is set forth in the government's motion in limine No. 1, and is hereby incorporated by reference. The government will only discuss additional facts specifically pertaining to this motion.

On April 24, 2014, defendant filed a notice of her intent to call Dr. Kaser-Boyd as an expert witness. (Id.) In the notice, defendant stated that Dr. Kaser-Boyd would testify about BWS and "her examination and conclusions concerning her examination of the defendant herein and whether or not defendant was suffering under the 'battered woman's syndrome' at the time of her commission of the offenses herein and to such other matters which relate thereto." (Id.) Dr. Kaser-Boyd's curriculum vitae outlining her expertise in

---

[1] "CR" refers to the Clerk's Record in the district court and is followed by the docket number.

BWS was attached to the notice.  (Id.)  Neither an examination report nor an indication that defendant was even examined was included, however.[2]  (Id.)

**III. ARGUMENT**

    **A.  Expert Testimony About BWS in General is Improper and Irrelevant.**

The Court should exclude the testimony of Dr. Kaser-Boyd because it is improper, and otherwise irrelevant.  Defendant is charged with (1) one count of conspiring to engage in sex trafficking of a child, in violation of 18 U.S.C. § 1594(c); (2) two counts of sex trafficking of a child by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2); and (3) three counts of sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2).  Only evidence that is relevant to the elements of these offenses, or to a legal defense, therefore, is admissible at trial.  See Fed. R. Evid. 402.  See also United States v. Vallejo, 237 F.3d 1008, 1019 (9th Cir. 2001) ("expert testimony must be both relevant and reliable").

Without an examination of defendant and a report of such examination, Dr. Kaser-Boyd's testimony would consist of only the theory of BWS in general.  Thus, defendant cannot establish that such testimony is relevant to any element or legal defense in this case.  Accordingly, Dr. Kaser-Boyd's testimony, will not "assist the trier

---

[2] Pursuant to Fed. R. Crim. P. 16(b)(1)(C), on April 25, 2014, the government requested, but did not receive to date a written summary of Dr. Kaser-Boyd's testimony describing her opinions and the bases and reasons for those opinions.  Defendant, however, has since then informed the government that she is awaiting the Court's order on her request for appointment of an expert.

of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, and must be excluded.

### B. A potential duress defense based on BWS should be excluded as no prima facie showing of duress exists.

BWS is arguably relevant to a legal defense of duress. If defendant seeks to raise duress as a defense based on BWS or otherwise, all such testimony, evidence, and mention relating to any purported duress, however, should be excluded, because defendant is not entitled to present a duress defense to the jury unless there is a prima facie showing of duress in a pre-trial offer of proof. United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir. 2008); see United States v. Moreno, 102 F.3d 994, 998 (9th Cir. 1996) ("Evidence of duress is not relevant if the defendant fails to present evidence of a prima facie case of the affirmative defense." (citing Fed. R. Evid. 402)). Thus far, defendant has failed to make a pre-trial prima facie showing of duress.

### C. Dr. Kaser-Boyd's Testimony Should Be Excluded As Unfairly Misleading and Prejudicial

Even if the Court were to conclude that the proffered testimony is proper and has some minimal relevance, any such de minimis probative value is substantially outweighed by the risk of unfair prejudice and confusion of the issues. Fed. R. Evid. 403. Prejudice is "unfair" when the evidence has "'an undue tendency to suggest decision on an improper basis,'" such as "'an emotional one.'" See, e.g., United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)); United States v. McInnis, 976 F.2d 1226, 1231 (9th Cir. 1992) (quoting United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir.

3

1990)). Simply presenting testimony about BSW without establishing evidence to the offense elements or to a legal defense would only serve to elicit decisions on an emotional basis.

**D. Should the Court Allow Testimony About BWS in General, Any Statements of Prohibited Hearsay, Improper Vouching, and Improper Expert Statement of Mental State Should be Excluded**

Should the Court allow Dr. Kaser-Boyd to testify about BWS in general, any testimony related to prohibited hearsay statements, that is, defendant's hearsay statements to Dr. Kaser-Boyd that are unrelated to medical diagnosis or treatment, should be excluded. Guam v. Ignacio, 10 F.3d 608, 613 (9th Cir. 1992) (explaining, with emphasis, that "a child victim's statements about the identity of the perpetrator are admissible under the medical treatment exception when they are made for the purposes of medical diagnosis and treatment"). Beyond the hearsay prohibition, these statements should be excluded if they constitute inappropriate vouching and an improper expert opinion on a mental state element. See United States v. Candoli, 870 F.2d 496, 506 (9th Cir. 1989) ("An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility." (emphasis added)); United States v. Morales, 108 F.3d 1031, 1041 (9th Cir. 1997); Fed. R. Evid. 704(b).

**IV. CONCLUSION**

For the foregoing reasons, the government moves for an order precluding the expert testimony of Dr. Kaser-Boyd.