ANDRÉ BIROTTE JR.
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
THOMAS D. STOUT (Cal. Bar No. 241348)
COREY G. LEE (Cal. Bar No. 227602)
Assistant United States Attorneys
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6938/6098
    Facsimile: (951) 276-6202
    E-mail:   thomas.stout@usdoj.gov
             corey.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>KAWAUM MARQUEZ SCOTT,<br>NEKEYIA NECOLE WEATHERSPOON,<br>    aka "Keey Bee,"<br><br>             Defendants. | ED CR No. 13-116-VAP<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>NEKEYIA NECOLE WEATHERSPOON</u> |

1.   This constitutes the plea agreement between NEKEYIA NECOLE WEATHERSPOON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 19 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 22 and 23, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

<u>DEFENDANT'S OBLIGATIONS</u>

3. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count 1 of the indictment in <u>United States v. Kawaum Marquez Scott, et al.</u>, ED CR No. 13-116-VAP, which charges defendant with conspiracy to engage in sex trafficking of a child in violation of 18 U.S.C. § 1594(c).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 14 of this agreement.

d)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f)   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h)   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i)   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

Computer-Related Terms

i)   The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment,

that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers;

ii) All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site, which are maintained and monitored by the employer;

iii) The defendant shall comply with the rules and regulations of the Computer Monitoring Program. The defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet;

<u>Search Terms</u>

iv) The defendant shall submit her person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and his effects to search at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision functions;

<u>Sex Offender Registration Terms</u>

v) The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where she is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction

occurred if different from her jurisdiction of residence.  The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment;

Counseling Terms

vi)  The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

vii) As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

Contact with Others Terms

viii)  The defendant shall not contact the victim by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards from the victim at all times.  If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer;

ix)  Other than immediate family members, the defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: a) in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

x)  The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18, unless the defendant receives written permission from the Probation Officer;

xi)  The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes her to regularly contact persons under the age of 18;

Employment Term

xii) The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change; and

//

//

//

6

<u>Residence Term</u>

xiii)    The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a)   Not contest facts agreed to in this agreement.

b)   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 14 of this agreement.

c)   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

<u>NATURE OF THE OFFENSES</u>

5.   Defendant understands that for defendant to be guilty of the crimes charged in count 1, that is, sex trafficking of a child, in violation of Title 18, United States Code, Sections 1594(c), the following must be true: (1) beginning in or about October 2012, and continuing through on or about December 21, 2012, there was an

7

agreement between defendant and at least one other person to commit sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1); and (2) defendant knew the agreement had an unlawful object or purpose.  For a defendant to be guilty of sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1), the following must be true: (1) defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained the person identified in the indictment; (2) defendant knew or recklessly disregarded the fact that (i) force, threats of force, fraud, or coercion would be used to cause the person identified in the indictment to engage in a commercial sex act, or (ii) the person identified in the indictment was under eighteen years of age and would be caused to engage in a commercial sex act; and (3) the offense was in or affecting interstate commerce.

<u>PENALTIES AND RESTITUTION</u>

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1594(c), is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that defendant will be required to pay full restitution to the victim of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is

pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

8.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

11. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From on or about October 27, 2012, through on or about October 31, 2012, and again from on or about December 19, 2012, through on or about December 21, 2012, defendant, along with co-defendant Kawauam Marquez Scott ("Scott"), entered into and participated in an agreement to knowingly harbor, provide, and maintain the child victim ("C.V.") – a girl who was fourteen years old at the beginning

of the conspiracy and fifteen years old at the end — in order to
cause her to engage in commercial sex acts in Hemet, California, in
Riverside County, within the Central District of California.  At the
time defendant entered into the agreement with co-defendant Scott,
she knew of the unlawful object of the conspiracy and intended to
help accomplish it.  At all relevant times, defendant knew that the
C.V. was under eighteen years of age.  Defendant's conduct was in or
affecting interstate commerce.

From approximately September 2012, through approximately mid-
October 2012, defendant recruited the C.V. to perform commercial sex
acts, initially at the direction of defendant and later at the
direction of Scott.

On or about October 27, 2012, in Perris, California, defendant
and co-defendant Scott instructed the C.V. to accompany them to the
Perris bus station, where they boarded a bus for Hemet.  Once in
Hemet, Scott rented a room at a motel.  Inside the motel room,
defendant took pictures of the C.V. using her cellular telephone,
which she provided to Scott.  Scott then used those pictures to
create advertisements offering the commercial sexual services of the
C.V., and, using the internet, posted those advertisements to a
website, www.backpage.com.  Defendant and Scott placed such
advertisements on or about October 27, 28, 29, and 30, 2012.
Defendant and Scott then negotiated with customers who responded to
the advertisements, arranging meeting times and payment amounts.
When the customers arrived at the agreed-upon times, defendant
instructed the C.V. to have sexual intercourse with them and told
her how much money to collect.

On or about December 19, 2012, defendant met the C.V. at the C.V.'s school in Perris and took her to Scott's cousin's residence in Hemet.  Once there, defendant used her cellular telephone to take additional pictures of the C.V., which Scott used to create another advertisement offering the C.V.'s commercial sexual services.  Using the internet, Scott again posted that advertisement to the website www.backpage.com.  Defendant and Scott then drove the C.V. to meet two customers in parking lots to perform commercial sex acts, which she performed.  Defendant and Scott then took the C.V. to a motel in Hemet, where they had arranged for her to provide commercial sex acts for additional customers, which she again performed.  On or about December 20, 2012, defendant and Scott took the C.V. to another motel in Hemet, where they had arranged for her to perform commercial sex acts for another customer, which she again performed. Scott again collected the money the C.V. was paid for these commercial sex acts.  On December 21, 2012, defendant and Scott returned the C.V. to her home in Hemet.

<u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          30          U.S.S.G. § 2G1.3(a)(2)

| Pattern of activity involving prohibited sexual conduct: | +5 | U.S.S.G. § 4B1.5(b)(1) |
|---|---|---|
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Total Offense Level: | 32 | |
| Criminal History Category: | III | |

Guideline Range:    151-188 months' imprisonment

$17,500-$175,000 fine

The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

14.   Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: between 84 and 168 months' imprisonment; a ten year term of supervised release with conditions to be fixed by the Court which shall include the conditions set forth in paragraph 3(i); no fine; $100 special assessment; and an amount of restitution to be determined by the Court if a restitution request is made.  The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g)   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence.

18.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.  29.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

        a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

24.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any

and all factual misstatements relating to the Court's Sentencing
Guidelines calculations and determination of sentence, and (c) argue
on appeal and collateral review that the Court's Sentencing
Guidelines calculations and the sentence it chooses to impose are
not error, although each party agrees to maintain its view that the
calculations and sentence referenced in paragraphs 17 and 18 are
consistent with the facts of this case.  While this paragraph
permits both the USAO and defendant to submit full and complete
factual information to the United States Probation Office and the
Court, even if that factual information may be viewed as
inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

     26.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the
USAO and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

//

//

//

//

//

//

//

//

//

18

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        27.  The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
7
     ANDRÉ BIROTTE JR.
8    United States Attorney

9
                                                5/1/14
10   THOMAS D. STOUT                        Date
     COREY G. LEE
11   Assistant United States Attorneys

12
     Nekeyia Weatherspoon                       5/1/14
13   NEKEYIA NECOLE WEATHERSPOON           Date
     Defendant
14
                                                5/1/14
15
     ROBERT E. SCOTT                        Date
16   Attorney for Defendant
     NEKEYIA NECOLE WEATHERSPOON
17

18

19

20

21

22

23

24

25

26

27

28

                            19

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Nekeyia Weatherspoon_         _5/1/14_
NEKEYIA NECOLE WEATHERSPOON     Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am NEKEYIA NECOLE WEATHERSPOON's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     _____
ROBERT E. SCOTT                      Date   5/1/14
Attorney for Defendant
NEKEYIA NECOLE WEATHERSPOON